**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| DANIEL BLODGETT, <br><br> on behalf of himself and all <br> others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TFORCE LOGISTICS EAST, LLC <br> f/k/a TFORCE FINAL MILE, LLC <br><br><br> Defendant. | CIVIL ACTION NO: _____ |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**INTRODUCTION**

1. This is an action brought on behalf of individuals who are current and former delivery drivers of Defendant TForce Logistics East, LLC f/k/a TForce Final Mile, LLC ("T Force" or "Defendant"), challenging the unlawful misclassification of them as independent contractors instead of employees. TForce contracts with various companies to perform their "last mile" delivery of e-commerce products, pharmaceuticals and other medical products, and financial documents across the United States. TForce controls, supervises, and directs the manner in which its delivery drivers perform these deliveries and the delivery drivers' services are performed within the usual course of business of TForce. Moreover, the delivery drivers rely

1

upon TForce to assign deliveries and they do not operate independently established delivery businesses.

2.      The above-named Plaintiff asserts claims under the Massachusetts wage laws and the federal Fair Labor Standards Act ("FLSA") on behalf of himself and all others similarly situated who have performed pharmaceutical and medical product deliveries for Defendant and who were misclassified as independent contractors instead of employee, seeking remedies for statutory violations resulting from this misclassification.

**PARTIES**

3.      Plaintiff Daniel Blodgett is an adult resident of Worcester, Massachusetts.  From approximately September 2018 to at least January 2020, Plaintiff has delivered pharmaceutical and medical products on behalf of and at the direction of TForce in Massachusetts.   During the relevant time, he was Defendants' employee as that term is defined in the Massachusetts wage laws and the FLSA.

4.      Plaintiff brings this action on his own behalf and on behalf of all similarly situated individuals in the states in which TForce Logistics East, LLC operates (excluding states in which there is already an action pending asserting these same wage claims), as well as on behalf of a proposed Rule 23 class of TForce pharmaceutical and medical product delivery drivers in Massachusetts.

5.      Defendant TForce Logistics East, LLC is a corporate entity, organized in Delaware, with its headquarters (principal place of business) in Dallas, Texas.  Defendant TForce Logistics East, LLC conducts its delivery business throughout the eastern United States.  TForce Logistics East, LLC was formerly known as TForce Final Mile, LLC prior to a name change in 2020.

6. TForce states that it is "North America's final mile leader in same-day and next-day delivery solutions."

7. TForce is engaged in interstate commerce and employs individuals engaged in interstate commerce and is therefore covered by the FLSA, and TForce is an "employer" as that term is defined in the FLSA.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

9. The Court also has jurisdiction over the FLSA claims asserted in this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and the state law claims pursuant to 28 U.S.C. 1367.

10. Venue in this forum is proper pursuant to 28 U.S.C. §§ 1391(a) and (b), because a substantial part of the events giving rise to this action occurred in this District and the Defendant is subject to personal jurisdiction in this District.

11. Plaintiff has filed a wage complaint with the Massachusetts Attorney General's Office.

## FACTS

12. TForce is a company incorporated in Delaware with its principal place of business in Texas.

13. TForce performs "final mile" or "last mile" delivery services of e-commerce products, medical products, and financial documents throughout the Eastern United States

14. According to its website, TForce contracts with financial institutions, retailers, medical facilities, and pharmacies to provide those companies with "competitively priced same-day and next-day delivery services."

15. In order to provide these services, TForce employs hundreds of delivery drivers like Plaintiff.

16. TForce has uniformly misclassified these delivery drivers as non-employee "independent contractors."

17. Under the Massachusetts "ABC" employment test, G.L c. 149, § 148B, Plaintiff and other TForce delivery drivers in Massachusetts are employees, not independent contractors.

18. Further, although the agreements with the drivers state that drivers are not employees of the Defendant, the economic reality of the arrangement is that drivers are actually employees of the Defendant.

19. The work of Plaintiff and other delivery drivers falls squarely within TForce's usual course of business. Indeed, Plaintiff and other delivery drivers are central to TForce's core business as a delivery company that provides delivery services.

20. Plaintiff and other delivery drivers are not engaged in independently established trades, occupations, professions, or businesses. Rather, delivery drivers rely upon TForce to obtain delivery customers and assign deliveries.

21. TForce also controls the work performed by Plaintiff and other delivery drivers by assigning the deliveries, scheduling the deliveries, monitoring their work and maintaining detailed records of each delivery performed, determining the delivery drivers' rate of pay, and retaining the authority to terminate any delivery drivers whose work is unsatisfactory.

22. TForce pays Plaintiff and other delivery drivers a flat amount per route, per mile, or per delivery stop. All of these rates are unilaterally determined by TForce.

23. TForce unlawfully deducts amounts from the delivery drivers' weekly pay for purposes such as an administrative fee of approximately $35 per week.

24. By misclassifying delivery drivers as independent contractors, TForce requires the drivers to bear the costs of performing delivery services, including, but not limited to, gasoline, tolls, vehicle maintenance and depreciation (as drivers were required to use their own vehicles), and insurance.

25. Plaintiff and other delivery drivers typically work more than eight (8) hours per day from the time they arrive at the Defendant's clients' facilities until their route(s) servicing Defendant's customers is complete. Upon information and belief, drivers often work twelve (12) or more hours from the time they arrive at the Defendant's facilities until their route is complete.

26. For example, Plaintiff's typical work assignments required him to work at least five (5) days per week, Monday through Friday, and sometimes on Saturday and Sunday.

27. Delivery drivers, including Plaintiff, often work more than forty (40) hours per week while providing services for Defendant.  However, drivers are never provided with time and one-half their regular rate of pay for hours worked in excess of forty (40) hours in a work week.

28. Plaintiff and other delivery drivers frequently are not paid for all hours worked at an hourly rate at or in excess of the minimum wage rates established by the FLSA and the Massachusetts Minimum Fair Wages law.  In many or all weeks, the drivers' substantial out-of-pocket, work-related expenses brings their compensation below the statutory minimum wage.

29. Defendant's misclassification of its delivery drivers as independent contractors and the additional violations described above were willful and undertaken in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff's FLSA claims should proceed as a collective action on behalf of all similarly situated individuals in the states in which TForce Logistics East, LLC operates (excluding states in which there is already an action pending asserting these same wage claims), because all other potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which Defendant did not pay drivers at least the minimum wage for all hours worked and did not provide any overtime premium when delivery drivers worked more than forty hours per week, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

31. Plaintiff's consent to sue form is attached hereto as Exhibit A.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of himself and other individuals who performed pharmaceutical and medical product deliveries in Massachusetts for Defendant or any of its related or predecessor companies in Massachusetts within the past three years.

33. Class action treatment is appropriate here because all of Federal Rule of Civil Procedure 23's class action requisites are satisfied. In particular:

(a) The class includes over 50 individuals, all of whom are readily ascertainable based on Defendant's records and are so numerous that joinder of all class members is impracticable.

(b) Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

(c) Plaintiff and his lawyers will fairly and adequately represent the class members

and their interests.

(d) Questions of law and fact are common to all class members, because this action concerns Defendant's common business policies and practices, as summarized herein. The legality of these practices will be determined through the application of generally applicable legal principles to common facts.

(e) Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I

## MASSACHUSETTS MINIMUM WAGE LAW

## INDIVIDUAL AND CLASS ACTION

34. All previous paragraphs are incorporated as though fully set forth herein.

35. The Defendant violated the Massachusetts minimum wage law by failing to pay Plaintiff and putative class members the Massachusetts minimum wage for all hours worked in a week. Accordingly, Plaintiff and the class members are entitled to relief pursuant to M.G.L. c. 151 § 1.

## COUNT II

## MASSACHUSETTS OVERTIME

## INDIVIDUAL AND CLASS ACTION

36. All previous paragraphs are incorporated as though fully set forth herein.

37. By failing to pay Plaintiffs and other maintenance workers time-and-a-half for hours worked in excess of forty per week, Defendants have violated Mass. Gen. L. c. 151 § 1A. This claim is brought pursuant to Mass. Gen. L. c. 151 § 1B.

COUNT III

MASSACHUSETTS WAGE ACT

INDIVIDUAL AND CLASS ACTION

38. All previous paragraphs are incorporated as though fully set forth herein.

39. The Massachusetts Wage Act requires prompt and full payment of wages due. Specifically: "Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week . . . ." Mass. Gen. Laws ch. 149, § 148. Employees aggrieved under the Wage Act may bring a civil action, *see id*. at § 150, and employers may not escape liability through "special contract[s] with an employee," *id*. at § 148.

40. Here, Defendant violated the Wage Act by subjecting Plaintiff and other delivery drivers to various charges, withholdings, deductions from their wage as described above, and requiring them to pay for various job-related expenses as described above.

COUNT IV

FAIR LABOR STANDARDS ACT–FAILURE TO PAY MINIMUM WAGES
INDIVIDUAL AND COLLECTIVE ACTION

41. All previous paragraphs are incorporated as though fully set forth herein.

42. Defendant's willful conduct in failing to ensure that its delivery drivers across the country, with whom it has relied upon to perform a critical and integral component of its business services, receive the federal minimum wage, after accounting for the expenses they paid that were

necessary to perform their job, violates the FLSA, 29 U.S.C. § 201, *et seq*. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

## COUNT V

### FAIR LABOR STANDARDS ACT–FAILURE TO PAY OVERTIME WAGES INDIVIDUAL AND COLLECTIVE ACTION

43. All previous paragraphs are incorporated as though fully set forth herein.

44. Defendant failed to pay Plaintiff and the members of the putative FLSA collective at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours weekly as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

45. The failure of Defendant to compensate Plaintiff and the members of the putative collective for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this honorable Court to enter the following relief:

a. An Order granting certification of this case as class action under Rule 23 and an FLSA collective action, and permitting notice to be sent to potential Opt-in Plaintiffs;

b. An award of damages for all unpaid wages, expenditures, costs, deductions, benefits, or other losses resulting from Defendant's misclassification, as described above;

c. Statutory liquidated damages;

d. Attorneys' fees and costs; and

e. Such other legal and equitable relief as the Court deems just and proper.

DANIEL BLODGETT,
on behalf of himself and all
others similarly situated,

By their Attorneys,


/s/ _Harold L. Lichten_____
Harold L. Lichten, BBO # 549689
Matthew W. Thomson, BBO # 682745
Zachary L. Rubin, BBO # 704485
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA  02116
(617) 994-5800
hlichten@llrlaw.com
mthomson@llrlaw.com
zrubin@llrlaw.com



W. Jeffrey Vollmer (*pro hac vice anticipated*)
Goodwin & Goodwin, LLP
300 Summers Street, Suite 1500
Charleston, WV 25301
(304) 346-7000
wjv@goodwingoodwin.com